IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO. 1:18-CV-00133-WO-LPA

| | | |
|---|---|---|
| DOROTHEA ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT THE PROCTER &** |
| vs. | ) | **GAMBLE MANUFACTURING** |
| | ) | **COMPANY'S ANSWER TO** |
| THE PROCTER & GAMBLE | ) | **PLAINTIFF'S AMENDED** |
| MANUFACTURING COMPANY | ) | **COMPLAINT AND AFFIRMATIVE** |
| ("P&G"), SCOTT SPILLMANN, MD, | ) | **DEFENSES** |
| and CANDY WRIGHT, | ) | |
| | ) | |
| Defendants. | ) | |

**NOW COMES** Defendant The Procter & Gamble Manufacturing Company ("P&G" or "Defendant"), by and through its undersigned counsel, denying every allegation in the Amended Complaint not specifically admitted or qualified herein, and hereby responds to the Amended Complaint of Dorothea Robinson ("Plaintiff") as follows:

## FIRST DEFENSE

Plaintiff's claims against this Defendant are barred, in whole or in part, because the Amended Complaint fails to state a claim upon which relief can be granted.[1]

## SECOND DEFENSE

With respect to the specific allegations contained in the Amended Complaint, P&G responds as follows:

---

[1] P&G has filed a Motion to Dismiss Plaintiff's Amended Complaint. [DE # 28]

1.

The allegations contained in Paragraph 1 of Plaintiff's Amended Complaint constitute a summary of Plaintiff's claims to which no response is required. To the extent that a response is required, it is admitted that Plaintiff is a black female, upon information and belief residing in Guilford County, North Carolina, and purports to bring claims against P&G for alleged violations of Title VII of the Civil Rights Act of 1964, and as amended in 1991, N.C.G.S. § 143-422.2 and 42 U.S.C. § 1981. The remaining allegations contained in Paragraph 1 not specifically herein admitted are denied. It is specifically denied that the Plaintiff is entitled is any recovery under any theory.

2.

The allegations contained in Paragraph 2 of Plaintiff's Amended Complaint are conclusions of law to which no response is required. To the extent that a response is required, P&G admits that Plaintiff was an employee of P&G and that P&G was, upon information and belief, Plaintiff's sole employer during the relevant time period.

3.

The allegations contained in Paragraph 3 of Plaintiff's Amended Complaint are admitted.

4.

The allegations contained in Paragraph 4 of Plaintiff's Amended Complaint are admitted.

5.

The allegations contained in Paragraph 5 of Plaintiff's Amended Complaint do not pertain to this answering Defendant. Therefore, no response is required. To the extent that a response is required, the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint are admitted upon information and belief.

6.

The allegations contained in Paragraph 6 of Plaintiff's Amended Complaint are denied. P&G expressly denies that any unlawful practices occurred.

7.

The allegations contained in Paragraph 7 of Plaintiff's Amended Complaint constitute a summary of Plaintiff's claims and/or conclusions of law to which no response is required. The remaining allegations contained in Paragraph 7 not specifically herein admitted are denied. It is specifically denied that Defendant P&G has any official policy or custom of engaging in, condoning or failing to address issues of discrimination and retaliation within its workplace.

8.

It is admitted that Plaintiff was hired at P&G's Albany, Georgia plant in August of 1989 as a plant technician. It is further admitted that in 2013, P&G agreed to move Plaintiff to the Vibrant Living Health Center at the Browns Summit facility as a technician/non-exempt nurse. Except as expressly admitted herein, P&G denies the allegations in Paragraph 8 of the Amended Complaint.

3

9.

It is admitted that as a technician/non-exempt nurse, Plaintiff's job duties included performing OSHA related medical testing, managing workers' compensation and FMLA cases, responding to medical concerns of employees while at work, connecting employees to the Employee Assistance Program, and being involved in the return to work clearance process. It is further admitted that Plaintiff was a full time employee of P&G. Except as expressly admitted herein, P&G denies the allegations in Paragraph 9 of the Amended Complaint.

10.

It is admitted that Sherry Spencer was Plaintiff's direct supervisor. Except as expressly admitted herein, P&G denies the remaining allegations in Paragraph 10 of the Amended Complaint

11.

It is admitted that in approximately July, 2013, Plaintiff sought a promotion/elevation of her position to a Band 1 manager level. Except as expressly admitted herein, the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint are denied.

12.

The allegations contained in Paragraph 12 of Plaintiff's Amended Complaint are denied.

13.

It is admitted that in September of 2016, P&G promoted Plaintiff/elevated her position to the position of Band 1 Manager. Except as expressly admitted herein, P&G denies the allegations in Paragraph 13 of the Amended Complaint.

4

14.

It is admitted that Candy Wright ("Wright") began working for P&G on November 14, 2016 as a Band 1 Manager. It is further admitted that until November 2016, Wright had never previously worked for P&G and therefore, Plaintiff had been employed at P&G longer than Wright. P&G expressly denies that Wright had less education than Plaintiff and further expressly denies that Wright had less applicable work experience in the nursing field than Plaintiff. Except as expressly admitted herein, P&G denies the allegations in Paragraph 14 of the Amended Complaint.

15.

It is admitted that Wright was Plaintiff's non-supervisory co-worker. It is also admitted that after Wright was hired, both Wright and Plaintiff were Band 1 Managers at the Browns Summit facility and shared substantially similar job responsibilities. Except as expressly admitted herein, P&G denies the allegations in Paragraph 15 of the Amended Complaint.

16.

It is admitted that both Plaintiff and Candy Wright worked at P&G's Browns Summit facility in Greensboro, NC as Band 1 Managers under the medical license of Dr. Spillmann. Except as expressly admitted herein, P&G denies the allegations in Paragraph 16 of the Amended Complaint.

17.

It is admitted that Dr. Scott Spillmann was the site physician for the Browns Summit facility under contract with P&G. Except as expressly admitted herein, P&G denies the allegations in Paragraph 17 of the Amended Complaint.

5

18.

It is admitted that Dr. Spillmann, as the Browns Summit facility site physician, had scheduled on-site appointment hours each week for a four-hour period and was otherwise available for consult by phone, email, and pager and on an as needed basis at other times. Except as expressly admitted herein, P&G denies the allegations in Paragraph 18 of the Amended Complaint.

19.

It is admitted that Plaintiff worked under the license of Dr. Spillmann. It is further admitted that Plaintiff was responsible for submitting invoices for services provided by Dr. Spillmann. Except as expressly admitted herein, P&G denies the allegations in Paragraph 19 of the Amended Complaint.

20.

P&G is without information sufficient to form a belief as to when/if/whether/how Plaintiff purportedly learned that Wright was being paid a higher salary and thus these allegations are denied. P&G further admits that Plaintiff told Sherry Spencer ("Spencer") that she believed Wright had a higher salary than Plaintiff. It is also admitted that Spencer did not disclose Wright's salary to Plaintiff, but instead explained that there are many factors considered in determining management compensation, including relevant work experience. P&G expressly denies that Plaintiff asked Spencer whether the salary difference was disparate treatment based on Plaintiff's race or that she believed it to be because of her race. Except as expressly admitted herein, P&G denies the allegations in Paragraph 20 of the Amended Complaint.

21.

The allegations contained in Paragraph 21 of Plaintiff's Amended Complaint do not pertain to this answering Defendant. Therefore, no response is required. To the extent that a response is required, P&G denies the allegations contained in Paragraph 21 of the Amended Complaint, upon information and belief.

22.

It is admitted that Terri Rouleau ("Rouleau") was the Site Human Resources Manager for the Browns Summit facility. P&G further admits that in January of 2017, Plaintiff asked Rouleau why she was paid less than Wright. It is expressly denied that Rouleau avoided responding to Plaintiff's inquiry, but instead explained how P&G determines management compensation, that multiple factors are considered, and encouraged Plaintiff to review and become educated on the factors that impact management compensation so that Plaintiff could take steps to successfully increase her compensation. Except as expressly admitted herein, P&G denies the allegations in Paragraph 22 of the Amended Complaint.

23.

It is admitted that in February 2017, Plaintiff sought a position on P&G's disability board. It is further admitted that Plaintiff was asked to determine what time commitment would be required for Plaintiff to serve in this position, and that after determining the amount of time this would require, advised Plaintiff that they could not support that time commitment away from Plaintiff's core duties at that time. It is admitted that Plaintiff was informed that this request would not be supported at the time, and was further told that such a request would be considered in the future when the time commitment would not have as big of an impact

7

upon operations. Except as expressly admitted herein, P&G denies the allegations in Paragraph 23 of the Amended Complaint.

24.

The allegations in Paragraph 24 of the Amended Complaint are denied. It is expressly denied that Wright was provided training which was not available to other similarly situated employees.

25.

It is admitted that Rouleau did not support Plaintiff's interest to serve on the disability board at that time. It is expressly denied that Wright was provided any training which was not available to other similarly situated employees. P&G expressly denies that Spencer or Rouleau discriminated or retaliated against Plaintiff in any way. Except as expressly admitted herein, P&G denies the allegations in Paragraph 25 of the Amended Complaint.

26.

P&G is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Amended Complaint and therefore these allegations are denied.

27.

It is admitted that Plaintiff completed a mandatory compliance survey in May 2017. It is further admitted that Plaintiff indicated on the survey that she had personal knowledge of discrimination. Except as expressly admitted herein, P&G denies the allegations in Paragraph 27 of the Amended Complaint.

8

28.

It is admitted that after Rouleau learned that Plaintiff had raised a concern in her compliance survey, Rouleau met with Plaintiff. It is further admitted that an investigation was opened by Matt Pellegrini with regard to concerns raised by Plaintiff in the survey. Except as expressly admitted, the allegations in Paragraph 28 of the Amended Complaint are denied.

29.

It is admitted that Senior Human Resources Manager Matt Pellegrini ("Pellegrini") interviewed Plaintiff regarding her report of discrimination. It is further admitted that this interview included a discussion of Plaintiff's concerns about a purported pay difference between Plaintiff and Wright. Except as expressly admitted herein, P&G denies the allegations in Paragraph 29 of the Amended Complaint.

30.

The allegations contained in Paragraph 30 of Plaintiff's Amended Complaint do not pertain to this answering Defendant, therefore, no response is required. To the extent that a response is required, it is admitted, upon information and belief that at some point Wright became aware that Plaintiff had inquired about a purported difference in salary between Wright and Plaintiff. Except as expressly admitted herein, P&G denies the allegations in Paragraph 30 of the Amended Complaint.

31.

Some of the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint do not pertain to this answering Defendant, therefore, no response is required. To the extent that a response is required, it is admitted, upon information and belief, that Wright informed

9

Human Resources of concerns she had regarding Plaintiff's nursing skills and patient care based on specific incidents Wright became aware of/observed during the course of her employment. It is further admitted that P&G investigated Plaintiff's performance. P&G expressly denies that it discriminated or retaliated against Plaintiff in any way. Except as expressly admitted herein, P&G denies the allegations in Paragraph 31 of the Amended Complaint.

32.

The allegations contained in Paragraph 32 of Plaintiff's Amended Complaint do not pertain to this answering Defendant, therefore, no response is required. To the extent that a response is required, it is admitted upon information and belief that Dr. Spillmann reviewed certain medical files that Plaintiff had worked on. Except as expressly admitted herein, P&G denies the allegations in Paragraph 32 of the Amended Complaint.

33.

The allegations contained in Paragraph 33 of Plaintiff's Amended Complaint do not pertain to this answering Defendant, therefore, no response is required. To the extent that a response is required, it is denied that P&G is aware of any violation of company policy with regard to Dr. Spillman's invoices. P&G is without information sufficient to form a belief as to the truth or falsity as to Plaintiff's beliefs with regard to Dr. Spillman's invoices and/or company policy. Except as expressly admitted herein, P&G denies the allegations in Paragraph 33 of the Amended Complaint.

34.

It is admitted that after Plaintiff was asked to take over the task of assisting with Dr. Spillmann's invoices, Plaintiff expressed concern to Spencer about how she should record/verify Dr. Spillmann's time, and was advised that she should record/verify the time according to the time he signed in and out of the building.   Except as expressly admitted herein, P&G denies the allegations in Paragraph 34 of the Amended Complaint.

35.

It is admitted that Spencer informed Plaintiff of several concerns that had been raised regarding Plaintiff.   Except as expressly admitted herein, P&G denies the allegations in Paragraph 35 of the Amended Complaint.

36.

The allegations contained in Paragraph 36 of Plaintiff's Amended Complaint do not pertain to this answering Defendant, therefore, no response is required.  To the extent that a response is required, it is admitted upon information and belief that in September 2017, Wright submitted a complaint to the North Carolina Board of Nursing against Plaintiff because Wright believed Plaintiff's conduct at work violated the Nursing Practice Act, N.C. Gen. Stat. §§ 90-171.19 *et seq.*  Except as expressly admitted herein, P&G denies the allegations in Paragraph 36 of the Amended Complaint.

37.

The allegations contained in Paragraph 37 of Plaintiff's Amended Complaint do not pertain to this answering Defendant, therefore, no response is required.  To the extent that a

response is required, the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint are denied upon information and belief.

38.

It is admitted that on August 15, 2017, Dr. Spillmann notified P&G that he would no longer support Plaintiff practicing under his medical license. It is further admitted that on August 16, 2017, Human Resources Manager Asia Wells ("Wells") notified Plaintiff that she was suspended pending an investigation. Except as expressly admitted herein, P&G denies the allegations in Paragraph 38 of the Amended Complaint.

39.

It is admitted that, after investigation, Pellegrini found no evidence to support Plaintiff's complaints and that Pellegrini advised Plaintiff that he had found no evidence to support her complaints. Except as expressly admitted herein, P&G denies the allegations in Paragraph 39 of the Amended Complaint.

40.

It is admitted that P&G terminated Plaintiff on August 31, 2017. Except as expressly admitted herein, P&G denies the allegations in Paragraph 40 of the Amended Complaint.

41.

It is admitted that Plaintiff filed a Charge of Discrimination against P&G on the basis of race discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 435-2017-00825. It is further admitted that upon Plaintiff's request, and before the EEOC could conduct a full investigation, the EEOC issued a right-to-sue letter. P&G further admits that Plaintiff attached a copy of the EEOC's right-to-sue

12

letter to her Amended Complaint. Except as expressly admitted herein, P&G denies the allegations in Paragraph 41 of the Amended Complaint.

42.

The allegations contained in Paragraph 42 of Plaintiff's Amended Complaint are denied.

43.

The allegations contained in Paragraph 43 of Plaintiff's Amended Complaint do not pertain to this answering Defendant, therefore, no response is required. To the extent that a response is required, P&G is without information sufficient to form a belief as to the truth or falsity as to Plaintiff's beliefs with regard to Dr. Spillmann's invoices and/or company policy. Except as expressly admitted herein, P&G denies the allegations in Paragraph 43 of the Amended Complaint.

44.

The allegations contained in Paragraph 44 of Plaintiff's Amended Complaint do not pertain to this answering Defendant, therefore, no response is required. To the extent that a response is required, the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint are denied, upon information and belief.

45.

The allegations contained in Paragraph 45 of Plaintiff's Amended Complaint do not pertain to this answering Defendant, therefore, no response is required. To the extent that a response is required, it is denied that Defendant P&G would have to terminate Plaintiff's employment if she could not work under Defendant Spillmann's medical license. Except as

expressly admitted, the allegations contained in Paragraph 45 of Plaintiff's Amended Complaint are denied..

46.

The allegations contained in Paragraph 46 of Plaintiff's Amended Complaint do not pertain to this answering Defendant, therefore, no response is required. To the extent that a response is required, the allegations contained in Paragraph 46 of Plaintiff's Amended Complaint are denied, upon information and belief.

47.

The allegations contained in Paragraph 47 of Plaintiff's Amended Complaint are denied.

48.

The allegations contained in Paragraph 48 of Plaintiff Amended Complaint are denied.

49.

The allegations contained in Paragraph 49 of Plaintiff's Amended Complaint do not pertain to this answering Defendant, therefore, no response is required. To the extent that a response is required, P&G expressly denies that it discriminated or retaliated against Plaintiff in any way. Except as expressly admitted herein, P&G denies the allegations in Paragraph 49 of the Amended Complaint.

50.

It is denied that Wright, Spencer, Spillmann, Pellegrini or Rouleau were responsible for making decisions about Plaintiff's employment. P&G expressly denies that it terminated

14

Plaintiff in retaliation for any reason. Except as expressly admitted herein, P&G denies the allegations in Paragraph 50 of the Amended Complaint.

51.

The allegations contained in Paragraph 51 of Plaintiff's Amended Complaint are denied.

52.

The allegations contained in Paragraph 52 of Plaintiff's Amended Complaint are denied.

53.

The allegations contained in Paragraph 53 of Plaintiff's Amended Complaint do not pertain to this answering Defendant, therefore, no response is required. To the extent that a response is required, it is admitted upon information and belief that Wright complied with the NC Board of Nursing's investigation into Plaintiff's violations of the Nursing Practice Act. Except as expressly admitted herein, P&G denies the allegations in Paragraph 53 of the Amended Complaint.

54.

The allegations contained in Paragraph 54 of Plaintiff's Amended Complaint do not pertain to this answering Defendant, therefore, no response is required. To the extent that a response is required, it is admitted upon information and belief that Wright complied with her statutory duty under N.C. Gen. Stat. § 90-171.47 to report Plaintiff's violations of the Nursing Practice Act. Except as expressly admitted herein, P&G denies the allegations in Paragraph 54 of the Amended Complaint.

15

55.

The allegations contained in Paragraph 55 of Plaintiff's Amended Complaint do not pertain to this answering Defendant, therefore, no response is required. To the extent that a response is required, the allegations contained in ¶ 55 of Plaintiff's Amended Complaint are denied.

56.

The allegations contained in Paragraph 56 of Plaintiff's Amended Complaint do not pertain to this answering Defendant, therefore, no response is required. To the extent that a response is required, the allegations contained in Paragraph 56 of Plaintiff's Amended Complaint are denied.

57.

The allegations contained in Paragraph 57 of Plaintiff's Amended Complaint do not pertain to this answering Defendant, therefore, no response is required. To the extent that a response is required, the allegations contained in Paragraph 57 of Plaintiff's Amended Complaint are denied.

58.

The allegations contained in Paragraph 58 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that it may be determined that a response is required, the allegations are denied.

59.

The allegations contained in Paragraph 59 of Plaintiff's Amended Complaint are denied.

16

60.

The allegations contained in Paragraph 60 of Plaintiff's Amended Complaint do not pertain to this answering Defendant, therefore, no response is required. To the extent that a response is required, the allegations contained in Paragraph 60 of Plaintiff's Amended Complaint are denied, upon information and belief.

61.

The allegations contained in Paragraph 61 of Plaintiff's Amended Complaint do not pertain to this answering Defendant, therefore, no response is required. To the extent that a response is required, the allegations contained in Paragraph 61 of Plaintiff's Amended Complaint are denied, upon information and belief.

62.

The allegations contained in Paragraph 62 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that it may be determined that a response is required, the allegations are denied.

63.

The allegations contained in Paragraph 63 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that it may be determined that a response is required, the allegations are denied.

64.

The allegations contained in Paragraph 64 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that it may be determined that a response is required, the allegations are denied.

65.

The allegations contained in Paragraph 65 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that it may be determined that a response is required, the allegations are denied.

66.

The allegations contained in Paragraph 66 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that it may be determined that a response is required, the allegations are denied..

67.

The allegations contained in Paragraph 67 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that it may be determined that a response is required, the allegations are denied.

68.

P&G is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68 of Plaintiff's Amended Complaint and therefore denies same.

69.

The allegations contained in Paragraph 69 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that it may be determined that a response is required, the allegations are denied.

70.

The allegations contained in Paragraph 70 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that it may be determined

that a response is required, it is admitted that Defendant Spillmann was the site physician for the Browns Summit facility under contract with P&G. Except as expressly admitted herein, P&G denies the allegations in Paragraph 70 of the Amended Complaint.

71.

The allegations contained in Paragraph 71 of Plaintiff's Amended Complaint do not pertain to this answering Defendant, therefore, no response is required. To the extent that a response is required, the allegations contained in Paragraph 71 of Plaintiff's Amended Complaint are denied, upon information and belief.

72.

The allegations contained in Paragraph 72 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that it may be determined that a response is required, the allegations are denied.

73.

The allegations contained in Paragraph 73 of Plaintiff's Amended Complaint do not pertain to this answering Defendant, therefore, no response is required. To the extent that a response is required, P&G expressly denies that it discriminated or retaliated against Plaintiff in any way. Except as expressly admitted herein, P&G denies the allegations in Paragraph 73 of the Amended Complaint.

74.

The allegations contained in Paragraph 74 of Plaintiff's Amended Complaint do not pertain to this answering Defendant, therefore, no response is required. To the extent that a response is required, P&G expressly denies that it discriminated or retaliated against Plaintiff

in any way. Except as expressly admitted herein, P&G denies the allegations in Paragraph 74 of the Amended Complaint.

75.

The allegations contained in Paragraph 75 of Plaintiff's Amended Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations are admitted.

76.

It is admitted that Defendant Wright was a P&G employee at the time she reported Plaintiff's violations of the Nursing Practice Act to the NC Board of Nursing. The remaining allegations do not pertain to this answering Defendant and constitute legal conclusions, therefore, no response is required. To the extent that a response is required, the remaining allegations contained in Paragraph 76 of Plaintiff's Amended Complaint are denied.

77.

The allegations contained in Paragraph 77 of Plaintiff's Amended Complaint are denied.

78.

The allegations contained in Paragraph 78 of Plaintiff's Amended Complaint are denied.

79.

The allegations contained in Paragraph 79 of Plaintiff's Amended Complaint are denied.

80.

The allegations contained in Paragraph 80 of Plaintiff's Amended Complaint are denied.

81.

It is admitted upon information and belief that Spencer, Rouleau, and potentially other P&G employees may have been aware that Plaintiff had raised a concern about a pay difference between Plaintiff and Wright. Except as expressly admitted herein, P&G denies the allegations in Paragraph 81 of the Amended Complaint.

82.

The allegations contained in Paragraph 82 of Plaintiff's Amended Complaint are denied.

83.

The allegations contained in Paragraph 83 of Plaintiff's Amended Complaint do not pertain to this answering Defendant, therefore, no response is required. To the extent that a response is required, it is admitted that as a nurse, Plaintiff was required to work under the license of a medical doctor. Except as expressly admitted, the allegations contained in Paragraph 83 of Plaintiff's Amended Complaint are denied.

84.

The allegations contained in Paragraph 84 of Plaintiff's Amended Complaint do not pertain to this answering Defendant, therefore, no response is required. To the extent that a response is required, the allegations are denied.

85.

The allegations contained in Paragraph 85 of Plaintiff's Amended Complaint do not pertain to this answering Defendant, therefore, no response is required. To the extent that a response is required, the allegations are denied upon information and belief.

86.

The allegations contained in Paragraph 86 of Plaintiff's Amended Complaint are denied.

87.

The allegations contained in Paragraph 87 of Plaintiff's Amended Complaint are denied.

88.

It is admitted that Plaintiff was an at-will employee working for P&G since 1989. The remaining allegations do not pertain to this answering Defendant, therefore, no response is required. To the extent that a response is required, the remaining allegations contained in Paragraph 88 of Plaintiff's Amended Complaint are denied upon information and belief.

89.

The allegations contained in Paragraph 89 of Plaintiff's Amended Complaint are denied.

90.

It is admitted that at the time of Plaintiff's termination, she had been P&G's at-will employee for approximately twenty-eight (28) years in various positions and at various

locations. Except as expressly admitted herein, the allegations in Paragraph 90 of the Amended Complaint are denied.

91.

The allegations contained in Paragraph 91 of Plaintiff's Amended Complaint do not pertain to this answering Defendant, therefore, no response is required. To the extent that a response is required, the allegations are denied upon information and belief.

92.

The allegations contained in Paragraph 92 of Plaintiff's Amended Complaint do not pertain to this answering Defendant, therefore, no response is required. To the extent that a response is required, the allegations are denied upon information and belief.

93.

It is admitted that Defendant Spillmann was the site physician for the Browns Summit facility under contract with P&G. The remaining allegations contained in Paragraph 93 of Plaintiff's Amended Complaint constitute legal conclusions, therefore, no response is required. To the extent that a response is required, the remaining allegations are denied.

94.

The allegations contained in Paragraph 94 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that it may be determined that a response is required, the allegations are denied.

95.

The allegations contained in Paragraph 95 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that it may be determined

23

that a response is required, the allegations are denied. It is denied, upon information and belief, that there was any unlawful action taken by any P&G employees or agents.

## COUNT ONE

P&G has filed a Motion to Dismiss with regard to Count One. The allegations contained in Count One of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that it may be determined that a response is required, the allegations are denied.

## COUNT TWO

The allegations contained in Count Two of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that it may be determined that a response is required, the allegations are denied.

## COUNT THREE

P&G has filed a Motion to Dismiss with regard to Count Three. The allegations contained in Count Three of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that it may be determined that a response is required, the allegations are denied.

## COUNT FOUR

The allegations contained in Count Four of Plaintiff's Amended Complaint do not pertain to this answering Defendant. Therefore, no response is required. To the extent that a response is required, the allegations contained in Count Four of Plaintiff's Amended Complaint are denied upon information and belief.

## COUNT FIVE

P&G has filed a Motion to Dismiss with regard to Count Five. The allegations contained in Count Five of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent that it may be determined that a response is required, and to the extent such allegations relate to this answering defendant, the allegations are denied.

## COUNT SIX

The allegations contained in Count Six of Plaintiff's Amended Complaint do not pertain to this answering Defendant. Therefore, no response is required. To the extent that a response is required, the allegations contained in Count Six of Plaintiff's Amended Complaint are denied upon information and belief.

## PRAYER FOR RELIEF

P&G denies that Plaintiff is entitled to any relief and specifically denies that Plaintiff is entitled to the requested relief in numbers 1 through 5 in her Prayer for Relief.

EACH AND EVERY ALLEGATION CONTAINED IN PLAINTIFF'S AMENDED COMPLAINT, INCLUDING ALL CLAIMS FOR RELIEF CONTAINED IN THE PRAYER FOR RELIEF, NOT SPECIFICALLY ADMITTED HEREIN, ARE DENIED.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because any actions taken with respect to Plaintiff were based upon legitimate, non-discriminatory and non-retaliatory reasons unrelated to any alleged protected class status or alleged protected activity of Plaintiff.

25

## FOURTH DEFENSE

P&G pleads all applicable statutes of limitation bar, in whole or in part, to recovery by Plaintiff.

## FIFTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff failed to comply with all conditions precedent to filing this action.

## SIXTH DEFENSE

Plaintiff's claims under Title VII are barred to the extent that Plaintiff seeks to recover for events or circumstances which were not the subject of a timely charge of discrimination filed with the Equal Employment Opportunity Commission.

## SEVENTH DEFENSE

Plaintiff's claims under Title VII are barred to the extent that they arose more than 180 days prior to the filing of Plaintiff's charge with the EEOC.

## EIGHTH DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, to the extent that the doctrines of equitable estoppel, waiver, and/or laches are applicable to the facts alleged or to be alleged.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to exhaust administrative remedies and/or comply with the statutory pre-requisites to bringing this action.

## TENTH DEFENSE

In the alternative, P&G pleads, upon information and belief, that Plaintiff failed to exercise reasonable diligence and ordinary care to minimize her damages, and P&G, therefore, pleads the doctrine of avoidable consequences and the defense of failure to mitigate damages in bar of Plaintiff's claims against P&G.

## ELEVENTH DEFENSE

Any employment actions taken against Plaintiff by P&G were required by business necessity and were based on factors other than any protected class status or alleged protected activity of the Plaintiff. Even if any adverse action was taken against Plaintiff by P&G for reasons related to a protected class status or alleged protected activity of Plaintiff, which is again specifically denied, Plaintiff would have been subject to the same employment action for reasons unrelated to any protected class status or alleged protected activity of Plaintiff.

## TWELFTH DEFENSE

Plaintiff seeks recovery of multiple damages based upon the same alleged factual events. Recovery of damages as to one of these claims bars recovery of like damages for any other claim(s).

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FOURTEENTH DEFENSE

The employment actions of which Plaintiff complains occurred solely as a result of the Plaintiff's own actions in failing to properly carry out the responsibilities of her position.

## FIFTEENTH DEFENSE

Plaintiff fails to state a claim for compensatory damages, attorney's fees, and/or costs.

## SIXTEENTH DEFENSE

Plaintiff's claims and/or claims for damages are barred or limited to the extent it is shown she engaged in conduct prior to, during, or in connection with her employment, that otherwise would have resulted in her discharge if such conduct were then known to P&G, and Plaintiff is barred from recovery from the point of such discovery.

## SEVENTEENTH DEFENSE

The employment actions referenced in Plaintiff's Complaint were valid, lawful, well supported by the evidence and sufficient to warrant any actions taken by P&G.

## EIGHTEENTH DEFENSE

The 1991 Amendments to Title VII limit the amount of damages that Plaintiff may recover against P&G for compensatory damages. Any amount claim in excess thereof should be dismissed.

## NINETEENTH DEFENSE

Plaintiff's civil conspiracy claim fails to state a claim because the intracorporate conspiracy doctrine bars liability where all of the alleged conspirators are agents of a single corporation.

## TWENTIETH DEFENSE

Plaintiff's defamation claim fails to state a claim because Plaintiff fails to satisfy the publication requirement regarding Defendant Wright's alleged statement expressing concerns about Plaintiff's nursing skills to Dr. Spillmann and other P&G employees.

28

## TWENTY-FIRST DEFENSE

Plaintiff's defamation claim fails to state a claim because alleged defamatory statements made in the due course of judicial proceedings are absolutely privileged.

## TWENTY-SECOND DEFENSE

Plaintiff's defamation claim fails to state a claim because Defendant Wright's statements to the Board of Nursing are subject to a qualified privilege, were made in good faith, and without malice.

## ADDITIONAL DEFENSES

P&G reserves the right to amend P&G's Answer to Plaintiff's Amended Complaint and to assert additional affirmative defenses as the claims of Plaintiff are more fully disclosed during the course of this litigation.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, having answered each and every allegation contained in Plaintiff's Amended Complaint, The Procter & Gamble Manufacturing Company makes the following prayer for relief:

1. That Plaintiff have and recover nothing by way of her Amended Complaint;

2. That the costs of this matter be taxed to the Plaintiff, including attorneys' fees;

3. For a trial by jury of all issues of fact so triable; and

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this the 25th day of May, 2018.

JACKSON LEWIS P.C.

BY:     */s/  M. Robin Davis*
         M. ROBIN DAVIS
         N.C. State Bar No. 21655
         CAITLIN M. GOFORTH
         N.C. State Bar No. 49227
         *Attorneys for Defendants The Procter &*
                 *Gamble Mfg. Co and Candy Wright*
         3737 Glenwood Avenue, Suite 450
         Raleigh, NC 27612
         Telephone:  (919) 760-6460
         Facsimile:    (919) 760-6461
         Email:  Robin.Davis@jacksonlewis.com
         Email:  Caitlin.Goforth@jacksonlewis.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:18-CV-00133-WO-LPA

| | |
|---|---|
| DOROTHEA ROBINSON, )<br><br>          Plaintiff,          )<br>vs.                              )<br>                                 )<br>THE PROCTER & GAMBLE )<br>MANUFACTURING COMPANY )<br>("P&G"), SCOTT SPILLMANN, MD, )<br>and CANDY WRIGHT,          )<br>                                 )<br>          Defendants.          ) | **CERTIFICATE OF<br>SERVICE** |

The undersigned certifies that on May 25, 2018, the foregoing *Defendant The Procter & Gamble Manufacturing Company's Answer to Plaintiff's Amended Complaint and Affirmative Defenses* was electronically filed with the Clerk of the Court, using the Court's CM/ECF electronic service system which will serve a copy on all counsel of record as follows:

Angela Newell Gray
Gray Newell Thomas, LLP
7 Corporate Center Court, Suite B
Greensboro, North Carolina 27408
angela@graynewell.com
*Attorney for Plaintiff*

Perry C. Henson, Jr.
Nicole R. Scallon
Henson & Talley, L.L.P.
Post Office Box 3525
Greensboro, North Carolina 27402
*Attorneys for Defendant Scott Spillmann, MD, MPH*

31

JACKSON LEWIS P.C.

BY:      _/s/ M. Robin Davis_            
            M. ROBIN DAVIS
            N.C. State Bar No. 21655
            CAITLIN M. GOFORTH
            N.C. State Bar No. 49227
            _Attorneys for Defendants Procter &_
                  _Gamble Mfg. Co and Candy Wright_
            3737 Glenwood Avenue, Suite 450
            Raleigh, NC 27612
            Telephone:  (919) 760-6460
            Facsimile:   (919) 760-6461
            Email:  Robin.Davis@jacksonlewis.com
            Email:  Caitlin.Goforth@jacksonlewis.com

4820-2554-8134, v. 2