IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO. 1:18-CV-00133-WO-LPA

| | | |
|---|---|---|
| DOROTHEA ROBINSON,<br><br>Plaintiff,<br><br>vs.<br><br>THE PROCTER & GAMBLE MANUFACTURING COMPANY ("P&G") and CANDY WRIGHT,<br><br>Defendants. | ) | **JOINT RULE 26(f) REPORT AND DISCOVERY PLAN** |

**1.** Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.1(b), a meeting was held by telephone on **April 8, 2019** and was attended by Angela Newell Gray, counsel for Plaintiff Dorothea Robinson ("Plaintiff"), and M. Robin Davis and Caitlin M. Goforth, counsel for Defendants The Procter & Gamble Manufacturing Company and Candy Wright (collectively referred to as "Defendants").

**2.** **Discovery Plan:** The parties propose to the Court the following Discovery Plan:

(a) **Initial Disclosures:** The information required by Fed. R. Civ. P. 26(a)(1) will be exchanged by the parties by **May 24, 2019,** supplementations under Rule 26(e) are due as required by Rule 26(e).

(b) **Scope of Discovery:** Discovery will be needed on the following subjects: (1) Plaintiff's allegations as set forth in the *Amended Complaint*; (2) the alleged damages sought by Plaintiff and any efforts to mitigate those damages, including efforts to obtain other employment; (3) all other issues raised by the pleadings; (4) any expert disclosures; (5) Defendants' affirmative defenses; and (6) all other matters that will reasonably lead to the discovery of admissible evidence.

(c) **Case Management Track:** Discovery shall be placed on a case-management track established in LR 26.1. The Parties propose the appropriate plan for this case is that designated in LR 26.1(a) as Complex.

(d) **Deadline to Complete Discovery:** The parties have considered their separate commitments and the relevant holidays and agree that the date for the completion of all fact discovery is **October 15, 2019**. All expert discovery will be completed by **November 15, 2019**.

(e) **Discovery Limits:** The parties propose the following discovery limits:

(1) Each party shall be limited to 25 interrogatories (including subparts), 25 requests for production of documents (including subparts), and 25 requests for admissions.

(2) Plaintiff shall have five (5) fact witness depositions and Defendants collectively shall have five (5) fact witness depositions. In addition to the depositions of fact witnesses, each Party shall be permitted to depose any expert designated by the other Party. All depositions, with the exception of any depositions of named Parties, shall be limited to one (1) day of seven (7) hours of testimony, unless extended by agreement of the parties or by a Court Order. The Parties agree that any depositions of named Parties shall be limited to ten (10) hours of testimony.

(f) **Expert Reports:** The parties propose that the reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the discovery period as follows:

(1) From Plaintiff by **August 15, 2019.**
(2) From Defendants by **September 1, 2019**.
(3) Counter designations of rebuttal experts (to the extent necessary) are due within thirty (30) days of receiving another Party's expert designation.
(4) Plaintiff and Defendants shall each make retained expert witnesses available for deposition as soon as possible after submission of the expert's report.

**3.** **Mediation:** Mediation shall be conducted by **September 31, 2019**. The parties agree that the mediator shall be Ann Anderson.

**4.** **Preliminary Deposition Schedule:** Counsel for the parties will confer and attempt to schedule depositions on mutually agreeable dates during the discovery period.

5. **<u>Other Items</u>:**

(a) Plaintiff shall be allowed until **May 15, 2019**, to join additional parties and/or to amend the pleadings. Defendants shall be allowed until **May 29, 2019**, to join additional parties and/or to amend the pleadings. After these dates, the Court will consider, inter alia, whether the gaining of leave would delay trial.

(b) The parties have discussed the special procedures for managing this case, including reference of the case to a magistrate judge on consent of the parties. The parties do not consent to Magistrate Judge jurisdiction.

(c) The parties do not request a conference with the court before entry of this scheduling order.

(d) **Trial Date:** A jury trial has been demanded. If the case is ultimately tried, trial is expected to take approximately four (4) days. This case should be ready for trial by the later of **May 4, 2020**, or 90 days after the Court rules on any dispositive motions.

(e) **Dispositive Motions:** All potentially dispositive motions should be filed by the moving party by **December 16, 2019**, or within thirty (30) days following the end of the discovery period, whichever is later. The Parties agree to extend the time for responses to any dispositive motions to January 31, 2020, or forty-five (45) days after the filing of any dispositive motions, whichever is later, due to Plaintiff's counsel's out of the country travel during the holidays.

(f) **Witness Lists / Exhibits:** Witness Lists / Exhibits: Final lists of witnesses and exhibits under Rule 26(a) (3) are due from Plaintiff by 45 days before trial and from Defendants by 30 days before trial.

(g) **Pretrial Conference:** Defendants request that a pretrial conference be held 30 days prior to the trial date.

(h) **Motions in Limine:** Unless otherwise ordered by the Court, the parties propose that all motions in limine shall be filed no later than fourteen (14) days prior to the pretrial conference.

(i) **Confidential Information:** The parties have discussed certain issues relating to the disclosure of documents and information, which may be confidential information, and anticipate filing a mutually agreeable

protective order pursuant to Fed. R. Civ. P. 26(c). The parties propose that they reserve the right to move for a protective order with regard to any subject of discovery, including but not limited to the subjects listed above.

6. **Electronically Stored Information:** The parties have discussed that this lawsuit could involve the discovery of electronically stored information and report to the Court the following:

(a) At this point the parties are unaware of the full extent of relevant information that may be stored electronically but do not presently anticipate extensive discovery of electronically stored information. The parties have identified the following potential sources of electronically stored evidence that may be relevant to the claim(s) or defense(s) at issue:

1. Electronic mail (including all electronic attachments) sent to and/or from parties relating to the incidents set forth in the Amended Complaint;

2. Any electronically stored information including but not limited to text messages, photographs, instant messaging, and social networking communications, relating or pertaining to the facts alleged in the Amended Complaint;

3. Documents and other records stored by Plaintiff on her personal computer, phone, PDA or other devices relating to the facts alleged in the Amended Complaint; and

4. Any other electronically stored information that becomes evident or known during the discovery period which would fall within the scope of Fed. R. Civ. P. 26 for discovery purposes, provided it is relevant and proportional to the needs of this case.

(b) **Identification and Retention:** The parties agree that they will undertake a good faith effort to identify relevant electronically stored information and will preserve any such information identified, provided that Defendants will not be required to deviate from the record retention requirements mandated by state and federal law (and/or its normal records retention policies to the extent any retention policy differs from state or federal regulations/guidelines) with respect to electronically stored information or other records which have not been previously specifically identified by the parties as relevant to this action.

(c) **Format:** Discoverable electronically stored information will be produced in either PDF format or in native format unless otherwise agreed that another format would best facilitate production and lower costs related to the production and review of the documents.

(d) **Metadata:** Because the majority of metadata is unusable and of little value and the time required to review the metadata makes its production cost-prohibitive, the parties will only produce metadata upon specific request related to specifically enumerated documents after review of the documents/copies initially produced. To the extent requested, metadata will be initially limited to metadata that is visible to the user. Parties may request the production of additional metadata not visible to the user upon determination of the need for and relevance of such data. Under such circumstances, the parties will negotiate in good faith with regard to whether the production of such metadata is reasonably required and, if so, who should bear the cost, with the Court to resolve such disputes if agreement cannot be reached.

(e) **Cost Allocation:** If the electronically stored information sought is not readily obtainable or its production would be unduly burdensome, the parties agree that either party seeking discovery of the information may request that the Court enter an order allowing discovery of such information at the expense of the party seeking the discovery.

(c) **Inadvertent production of privileged materials** ("clawback agreement") confidentiality concerns: The parties have discussed certain issues related to claims of privilege and protection of trial-preparation material and have agreed upon a procedure to assert such claims after an inadvertent production of privileged or trial-preparation materials. The parties agree that an inadvertent disclosure of privileged or trial-preparation materials (absent a clear indication of the intent to waive such privilege or protection), including but not limited to metadata and other such information, shall not be deemed a waiver or forfeiture of such privilege or protection provided that the party making the production or disclosure promptly identifies any such documents and/or metadata mistakenly produced after discovery of the inadvertent production. The parties further agree that, upon request, any such mistakenly-produced documents/metadata shall be returned. In the event of a dispute over use of any privileged materials, the receiving party must sequester or destroy all copies, and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

This the 12th day of April, 2019.

GRAY NEWELL THOMAS, LLP

*/s/ Angela Newell Gray*
ANGELA NEWELL GRAY
N.C. State Bar No. 21006
*Attorney for Plaintiff*
7 Corporate Center Court, Suite B
Greensboro, NC 27408
Telephone: (336) 285-8151
Facsimile: (336) 458-9359
Email: angela@graynewell.com

JACKSON LEWIS P.C.

*/s/ Caitlin M. Goforth*
M. ROBIN DAVIS
N.C. State Bar No. 21655
CAITLIN M. GOFORTH
N.C. State Bar No. 49227
*Attorneys for Defendants*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6460
Facsimile: (919) 760-6461
Email: Robin.Davis@jacksonlewis.com
Email: Caitlin.Goforth@jacksonlewis.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:18-CV-00133-WO-LPA

| | | |
|---|---|---|
| DOROTHEA ROBINSON,<br><br>Plaintiff,<br><br>vs.<br><br>THE PROCTER & GAMBLE MANUFACTURING COMPANY ("P&G") and CANDY WRIGHT,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CERTIFICATE OF SERVICE** |

The undersigned certifies that on April 12, 2019, the foregoing *Joint Rule 26(f) Report and Discovery Plan* was electronically filed with the Clerk of the Court, using the Court's CM/ECF electronic service system which will serve a copy on all counsel of record as follows:

Angela Newell Gray
Gray Newell Thomas, LLP
7 Corporate Center Court, Suite B
Greensboro, NC 27408
angela@graynewell.com
*Attorney for Plaintiff*

JACKSON LEWIS P.C.

BY: */s/ Caitlin M. Goforth*
M. ROBIN DAVIS
N.C. State Bar No. 21655
CAITLIN M. GOFORTH
N.C. State Bar No. 49227
*Attorneys for Defendants Procter & Gamble Mfg. Co and Candy Wright*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6460
Facsimile: (919) 760-6461
Email: Robin.Davis@jacksonlewis.com
Email: Caitlin.Goforth@jacksonlewis.com

4834-2828-4558, v. 1